**Opinion filed December 15, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00211-CV

_____

## IN THE INTEREST OF N.V., A CHILD

---

**On Appeal from the 1st Multicounty Court at Law**
**Nolan County, Texas**
**Trial Court Cause No. CC-7767**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of N.V.'s father.[1]  On appeal, the father presents one issue in which he asserts that his "due process rights . . . as to the fundamental interest in his parental rights were violated by the Department" and that this court should therefore find that the

---

[1]We note that this is the second appeal from an order terminating N.V.'s father's rights. *See In re N.V.*, No. 11-21-00132-CV, 2021 WL 5778560, at *1 (Tex. App.—Eastland Dec. 6, 2021, no pet.) (mem. op.) (holding that trial court's failure to appoint counsel to represent N.V.'s father at the termination hearing constituted reversible error).

evidence was insufficient "to support a finding of best interest."  We affirm the order of the trial court.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001(b) (West 2022).  To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child.  *Id.*  In this case, the trial court found that Appellant had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (N), and (O).  Appellant does not challenge these findings on appeal.

The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.  *See id.* § 161.001(b)(2).  Appellant's issue on appeal relates, in part, to the sufficiency of the evidence to support the trial court's Section 161.001(b)(2) finding.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true.  *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).  To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent.  *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).  We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses.  *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Evidence Presented at Trial*

The record shows that the Department of Family and Protective Services became involved with N.V. shortly after he tested positive for illegal drugs at birth. At that time, N.V.'s mother began family-based safety services (FBSS) with the Department. N.V.'s mother reported that Appellant "was not in the picture due to domestic violence." However, during the FBSS case, the mother took N.V. to Appellant and "signed her rights over to [Appellant]," who was later determined through DNA testing to be N.V.'s biological father. The Department received information that both Appellant and N.V.'s mother used drugs. When the Department ultimately located N.V. and removed him from Appellant's care, N.V. was dirty, had bug bites on his head, and had dried feces on his bottom. Appellant

refused to submit to a drug test at that time. However, he subsequently tested positive for methamphetamine and for marihuana while this case was pending below. Just two months before the final hearing on termination, Appellant tested "positive for methamphetamine at a level of 11,587."

The Department attempted to engage Appellant in various services so that N.V. could be returned to Appellant's care. Appellant was ordered by the trial court to comply with each requirement set out in the Department's family service plan, which included the following: maintain a lifestyle free of drug use and criminal activity, complete a substance abuse assessment, successfully complete substance abuse treatment, submit to random drug tests as requested by the Department, submit to a psychological evaluation, attend counseling, successfully complete parenting classes, maintain safe and stable housing, maintain legal employment, and notify the Department of any changes in Appellant's address or employment. Appellant, however, did not cooperate with the Department, nor did he comply with any of the requirements of the trial court's order or the family service plan. Instead, Appellant was difficult, complained about his rights being violated, and made constant threats to sue the Department and its employees; Appellant did not believe that he should be required to comply with any of the requirements of the service plan because he was not the "offending parent" whose actions resulted in the initial involvement of the Department with N.V.

N.V. was placed with Appellant's cousin when N.V. was seven months old. He lived with that same cousin throughout the prolonged proceedings in this case and had become part of the family there. By the time of the trial that is at issue in this appeal, N.V. was almost four years old and had been diagnosed as having autism. N.V.'s diagnosis came after his guardian ad litem and Appellant's cousin noticed that, at eleven months old, N.V. was relatively nonverbal, walked on his "tippy toes,"

4

and avoided eye contact with most people. Appellant did not agree that N.V. was autistic. The record shows that Appellant's cousin took good care of N.Vand that N.V. was happy and doing well in her care. Appellant's cousin provided a safe and loving home for N.V. and wanted to adopt N.V. Appellant's cousin testified that autistic children generally relate closely to one person and that she was N.V.'s "person" and was "everything to him."

The Department's plan for N.V. was for him to remain in the care of, and ultimately be adopted by, Appellant's cousin—with whom N.V. had been placed for over three years. The permanency case manager and Appellant's cousin testified that it would be in N.V.'s best interest for Appellant's parental rights to be terminated. Additionally, N.V.'s attorney and guardian ad litem recommended termination and informed the trial court that he believed the best interests of N.V. would be served by terminating Appellant's parental rights. Appellant, who had had only one visit with N.V. during the pendency of this case—a 30-minute visit that occurred when N.V. was seven months old, testified that termination would not be in N.V.'s best interest. Appellant explained: "The reason why he's acting out is because he misses his dad." When asked again why termination would not be in N.V.'s best interest, Appellant further explained: "I want to be a father to my son. But, I mean, he needs his dad, and I want that chance."

*Analysis*

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. We are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573. Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be

in the best interest of N.V. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's continued use of drugs while the case was pending below, Appellant's failure to visit or have any contact with his child for over three years, and the instability of Appellant's situation, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of N.V. *See id.* We defer to the trial court's finding as to N.V.'s best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's finding as to best interest is not supported by clear and convincing evidence.

To the extent that Appellant complains on appeal that the best interest finding made by the trial court pursuant to Section 161.001(b)(2) of the Family Code cannot stand because Appellant's due process rights were violated, we note (1) that, as we held above, clear and convincing evidence supports the trial court's best interest finding; (2) that, with respect to the termination hearing that occurred after this court remanded the cause to the trial court, the record does not support a finding that Appellant's due process rights were violated; (3) that Appellant did not seek relief from any of the temporary orders issued by the trial court, *see In re J.W.*, 645 S.W.3d 726, 747 (Tex. 2022); and (4) that Appellant's right to due process does not necessarily correlate to a finding regarding N.V.'s best interest, *see id.* at 748. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


December 15, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.